**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| JESSICA ANTOINETTE BORUM,<br>    Plaintiff,<br><br>        v.<br><br>ANDREW M. SAUL,<br>Commissioner of the Social Security<br>Administration,<br>    Defendant. | )<br>)<br>)<br>)   CAUSE NO.: 2:18-CV-185-JEM<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Jessica Antoinette Borum on May 10, 2018, and Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 18], filed October 15, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On October 19, 2018, the Commissioner filed a response, and on December 13, 2018, Plaintiff filed a reply.

**I.   Background**

On December 5, 2014, Plaintiff filed an application for benefits alleging that she became disabled on January 1, 2013. Plaintiff's application was denied initially and upon reconsideration. On March 14, 2017, Administrative Law Judge ("ALJ") Jessica Inouye held a hearing at which Plaintiff, with an attorney, and a vocational expert ("VE") testified. On May 31, 2017, the ALJ issued a decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.  The claimant's date last insured is December 31, 2016.

2.  The claimant has not engaged in substantial gainful activity since January

1

1, 2013, the alleged onset date.

3. The claimant has the following severe impairments: degenerative joint disease/osteoarthritis; degenerative disc disease; obstructive sleep apnea; headaches; fibromyalgia; obesity; and major depressive disorder.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526, 416.920(d), 416.925 and 416.926).

5. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) and 416.967(a) except she is limited to: never climbing ladders, ropes, or scaffolds, kneeling, crouching, or crawling; occasionally climbing ramps and stairs, balancing, and stooping; frequently performing gross and fine manipulation with the left upper extremity; and avoiding concentrated exposure to extreme temperatures, humidity, as well as hazards such as unprotected heights and moving dangerous machinery. Furthermore, the claimant is able to learn, understand, remember, and carry out simple routine and repetitive work tasks and sustain them in two-hour increments throughout the typical workday.

6. The claimant has no past relevant work.

7. The claimant was 26 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date.

8. The claimant has at least a high school education and is able to communicate in English.

9. Transferability of job skills is not an issue because the claimant does not have past relevant work.

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

11. The claimant has not been under a disability, as defined in the Social Security Act, from January 1, 2013, through the date of this decision.

The Appeals Council denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner

3

commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

### III. Analysis

Plaintiff argues that the ALJ failed to adequately account for her functional limitations in the RFC, and failed to properly evaluate her subjective complaints. The Commissioner argues that the ALJ's decision is supported by substantial evidence.

Plaintiff contends that the ALJ erred in failing to account for Plaintiff's headaches in the RFC. Plaintiff was diagnosed with migraines, and testified that she got migraines 4-5 days per week, lasting 6-7 hours, which sometimes caused nausea and vomiting, and that she sometimes needed to lay down. The ALJ found Plaintiff's headaches to be a "severe impairment," but failed to include any limitations regarding Plaintiff's headaches in the RFC. The Commissioner argues

that the ALJ did not need to include any limitations for Plaintiff's headaches, because the ALJ did not credit Plaintiff's subjective complaints about her headaches and found no additional evidence that Plaintiff's headaches resulted in functional limitations. That logic does not justify the ALJ's omission. First, although the ALJ made a general finding that Plaintiff made "inconsistent" statements that "diminish the persuasiveness of [ ] her alleged limitations," none of the inconsistencies the ALJ identified related to headaches or specifically contradicted Plaintiff's allegations about the headaches. To the extent the ALJ relied on those conclusions about Plaintiff's inconsistencies to ignore her allegations of headaches in crafting the RFC, her explanation for doing so was inadequate. *See O'Connor-Spinner*, 627 F.3d at 618 (an ALJ "must provide a 'logical bridge' between the evidence and his conclusions."); *see also Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001) (remanding where ALJ failed to "explain[] the inconsistencies" between a claimant's activities of daily living, his complaints of pain, and the medical evidence) (citing *Clifford*, 227 F.3d at 870-72); SSR 16-3p, 2017 WL 5180304 (October 25, 2017), at *8 (ALJs must "explain which of an individual's symptoms we found consistent or inconsistent with the evidence . . . and how our evaluation of the individual's symptoms led to our conclusions"). Second, the ALJ herself noted that the headaches were severe impairments that "significantly limit the ability to perform basic work activities as required by SSRs 85-28 and 96-3p." AR 19-20; *see also* SSR 16-3p, 2017 WL 5180304 at *11 ("A severe impairment is one that affects an individual's ability to perform basic work-related activities."). The ALJ's conclusion that the impairment was "severe" but did not merit any work limitations was contradictory.

Plaintiff also argues that the ALJ failed to sufficiently analyze her testimony about fatigue and her need to elevate her legs. Plaintiff reported, in essence, that she had issues with

5

daytime sleepiness and did not want to drive or go out alone because of the possibility that she would fall asleep. In addition, she testified that she would need to elevate her legs for "at least a couple of hours" three or four times a week, to reduce swelling caused by edema. AR 53. As described above, ALJs must "discuss" a claimant's reported functional limitations, and "explain which of an individual's symptoms we found consistent or inconsistent with the evidence . . . and how our evaluation of the individual's symptoms led to our conclusions." SSR 16-3p, 2017 WL 5180304 at *8. Although the ALJ acknowledged Plaintiff's obesity and obstructive sleep apnea as "severe impairments," the ALJ never actually discussed these alleged limitations themselves. As with Plaintiff's headaches, the ALJ never explained why Plaintiff's complaints were "inconsistent" with the record, if that was her conclusion. Although the ALJ catalogued Plaintiff's impairments, she ignored corresponding limitations that could have supported a finding of disability. *See Scrogham v. Colvin*, 765 F.3d 685, 698 (7th Cir. 2014) (finding that ALJ erred by "ignor[ing] . . . evidence that undermined her conclusion"); *see also Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010) (an ALJ must "consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of non-disability while ignoring evidence that points to a disability finding").

Plaintiff also asserts that the ALJ erred in evaluating her mental RFC. The ALJ found that Plaintiff's major depressive disorder was a severe impairment. The ALJ then determined that Plaintiff had mild limitations in understanding, remembering, or applying information; mild limitations in interacting with others; moderate limitations in concentrating, persisting, or maintaining pace; and moderate limitations in adapting or managing herself. AR 21-22. The ALJ limited Plaintiff to "simple routine and repetitive work tasks," sustained "in two-hour increments

throughout the typical workday." AR 23. Plaintiff argues that the ALJ failed to adequately accommodate her limitations in concentration, persistence, and pace in the RFC.

The Seventh Circuit Court of Appeals has repeatedly held that limiting a claimant to simple, routine or repetitive tasks is not sufficient to account for her difficulties in concentration, persistence, or pace. *See Jelinek v. Astrue*, 662 F.3d 805, 813-14 (7th Cir. 2011) (concluding that limitations to sedentary and light unskilled work did not "address[] the impact of the mental limitations … which … limited [the plaintiff's] ability to maintain regular work attendance, to carry out instructions, and to deal with the stresses of full-time employment"); *see also Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) *as amended on reh'g* (April 13, 2018). A limitation to unskilled work is generally insufficient to account for moderate limitations in concentration, persistence or pace because "[t]he ability to stick with a task over a sustained period is not the same as the ability to learn how to do tasks of a given complexity." *O'Connor-Spinner*, 627 F.3d at 620-21. In this case, consistent with Plaintiff's testimony and a written statement offered by her ex-husband, the ALJ found that Plaintiff had moderate limitations in concentration, persistence, or pace, noting that she had "difficulty with attention and finish[ing] what she starts." But the ALJ failed to discuss how those limitations were incorporated into the RFC beyond the limitations to simple tasks. The ALJ also failed to make the VE aware of Plaintiff's limitations in concentration, persistence, and pace, despite the VE's testimony that Plaintiff would need to be on task for 90 percent of the day in order to be capable of full time work.

As for the remaining arguments, the Court expresses no opinion about the previous ALJ decision. On remand, the Court instructs the ALJ to address all of Plaintiff's alleged limitations

as required by the regulations, and to build a logical bridge between the evidence and the conclusions. *O'Connor-Spinner*, 627 F.3d at 618.

IV.     **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Her Motion to Reverse the Decision of the Commissioner of Social Security [DE 18] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 25th day of July, 2019.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:     All counsel of record